JUANA MÉNDEZ RIVERA, ETC., Plaintiff and Appellee, *v.* JOSÉ DELGADO VÁZQUEZ ET AL., Defendants and Appellants.

No. 6459.   Argued November 13, 1933.—Decided November 17, 1933.

R. *Muñoz Ramos* for appellants.   C. *Olivieri* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an ordinary action to recover the amount of a mortgage credit, with interest thereon, costs, and attorney's fees, wherein it is alleged that the plaintiff Margarita Frontera Méndez is a minor and is represented in said action by her mother Juana Méndez Rivera; that on December 20, 1927, after obtaining the proper authorization from the District Court of Ponce, the said Juana Méndez Rivera, as mother with *patria potestas* over said daughter, loaned to José Delgado Vázquez the sum of $1,500 for a fixed term of two years which ended on December 20, 1929, and an extension of one

year which ended on December 20, 1930, and in order to secure the said loan, with interest thereon, costs, disbursements, and attorney's fees, the debtor and his wife mortgaged a property in favor of the plaintiff minor; that on December 20, 1929, the debtor and his wife made use of the extension of time stipulated in the said contract, which extension matured on December 20, 1930; that from July 20, 1931, to May 20, 1932, the defendants have failed to pay any of the sums due including principal and interest.

The defendant José Delgado Vázquez answered, and substantially alleged that Juana Méndez Rivera acting on behalf of the minor, had granted to him verbally an extension of time for the payment of the mortgage, which extension was still in force when the present action was filed on June 14, 1932, and that by virtue thereof the obligation is not due. Said defendant admitted that up to May 20, 1932, he owed the plaintiff minor the sum of $150 as interest, and he alleged that when the first instalment became due, plaintiff refused to receive the amount thereof, and later she also refused to receive the total amount of all the instalments as they became due, on the ground that the defendant was bound to pay interest together with the principal.

This last averment is not very clear. We do not know to which first instalment the defendant refers, since according to his own admissions he owed ten months' interest, and the mortgage loan was made on December 20, 1927. We assume that the defendant refers to the first instalment following the last extension of time that was granted.

The lower court rendered judgment for plaintiff, and the defendant took an appeal therefrom. The plaintiff now moves for a dismissal of the appeal because it was filed in this court ninety days after the filing of the notice of the appeal and because the only error assigned is frivolous and has no proper basis. The appeal, according to the plaintiff, has no other object than to delay the termination of the suit.

The only question in controversy, in this case is as to whether a final extension of time to December 20, 1932, was granted to the defendants. As stipulated in the contract, the loan was made for a period of two years which began on December 20, 1927, and ended on the same day and month of the year 1929, subject to an extension of time, which was granted at the defendant's request.

The lower court states that the evidence as to the last two extensions alleged by the defendant is conflicting, but that even assuming that said extensions were actually granted by Juana Méndez Rivera, the mother of the plaintiff minor, the same would have no legal effect, as the mother could grant no other extension than the one stated in the deed, judicial authorization being necessary for a new extension; and it has not been shown that said authorization was applied for or granted. From the opinion delivered by the lower court we take the following:

"It seems that at the end of the two-year period and also at the end of the one-year extension stipulated in the second paragraph of the mortgage deed, there was some tolerance in favor of the debtors, who continued to pay the interests on the loan for some time, though at the time of the filing of the complaint, in June 14, 1932, they owed interest for ten consecutive months.

"But 'the mere fact that the creditor should not claim the fulfillment of the obligation immediately at maturity, and that he should delay more or less the exercise of his action, does not imply or reveal an intention to grant the debtor any extension.' (Judgment No. 76 of March 22, 1901. Dato, Repertory, Vol. 4, 1898–1901, page 120.)

"The court reaches the conclusion that none of the two extensions alleged by the defendant in paragraph 4 of his answer to the complaint has ever existed."

The plaintiff attributes great importance to the conclusion of the court denying the power of the mother to grant an extension other than the one stated in the deed without judicial authorization. We feel that it is not necessary to decide this question, as the court has clearly stated that it

weighed the facts and that this extension was never granted. There is no allegation as to the existence of any manifest error, or as to the existence of passion, prejudice, or partiality in the weighing of the evidence. We have carefully read the evidence adduced and we consider as correct the finding made by the lower court.

The defendant testified that after he was granted the extension stipulated in the contract, he obtained a new extension to become due in December, 1931. If that is true, it appears that the defendant applied to the mother of the minor for a new extension five months before expiration of the one which he claims was granted him. Mr. Delgado stated that Mrs. Méndez, after granting the extension, refused to receive the amount of a monthly installment saying that she could not receive that money unless he paid the $1,500. Mrs. Méndez testified that ever since the mortgage became due she has been demanding the payment of the interest from the debtor, as she needed the money, that he asked for a one-year extension which she refused to grant, and that when he sent $15 with his chauffeur she refused to take it, and told said chauffeur: ''Take that $15 back to Mr. Delgado, and tell him to send me the money as soon as he gets the total amount for the five months, as he is bound to do,'' but he sent no more money nor came to see her. This is the reason given by Mrs. Méndez for not taking the money.

The lower court declared that no extension had been granted, and rendered judgment for the plaintiff minor. The only fact in controversy is as to the third extension of time alleged by the defendant José Delgado. Inasmuch as the trial court, after weighing the evidence, found that no extension had been granted, it is not necessary to discuss the question of whether or not the mother of the minor was authorized to contract for an extension which never existed.

We hold that the appeal taken is frivolous and that it must be dismissed.